UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JILL WASHBURN<br><br>               Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., AS SUCCESSOR TO COUNTRYWIDE HOME LOANS, INC., a Delaware corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation, RECONTRUST COMPANY, N.A., a corporation of unknown origin and a wholly-owned subsidiary of Bank of America, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally Chartered Corporation; and DOES 1-10 as individuals or entities with interest in the property commonly known as: 280 Horizon Drive, Boise, Idaho 83702<br><br>               Defendants. | Case No. 1:11-cv-00193-EJL-CWD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

      On October 21, 2011, United States Magistrate Judge Candy W. Dale issued a

Report and Recommendation in this matter. Dkt. 28. Plaintiff timely objected to the

Report and defendants Bank of America, N.A., Mortgage Electronic Registration System,

**MEMORANDUM DECISION AND ORDER - 1**

Inc. (MERS), Federal National Mortgage Association (Fannie Mae), and ReconTrust Company, N.A. responded to the objections. *See Objections*, Dkt. 29; *Response*, Dkt. 30. The matter is now ripe for the Court's review.

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." If a party objects to a portion of the report, this Court must make a de novo determination as to that portion. *Id.* As the Ninth Circuit has explained,

> The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise. . . . Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.

*United States v. Reyna–Tapia*, 328 F.3d 1114, 1121(9th Cir. 2003) (citations omitted).

In this case, plaintiff objects to Judge Dale's recommendation to dismiss the case. Judge Dale determined that plaintiff failed to adequately plead a quiet title action. This Court agrees and will dismiss the complaint without leave to amend. The Court will also deny Defendants' Motion for a Reverse Preliminary Injunction as premature.

## BACKGROUND[1]

Plaintiff Jill Washburn seeks to quiet title to property located in Boise, Idaho. Washburn alleges she is the "owner of record" of this property. *Compl.* ¶ 4, Dkt. 1.

---

[1] The Court adopts the Report's Background and Legal Standard sections. Dkt. 28 at 2-5. For ease of reference, however, the Court will restate some key facts.

In December 2005, Washburn borrowed $399,000 to purchase the property. *See id.* ¶ 9; *Note*, Dkt. 22-1. She executed a secured promissory note in favor of America's Wholesale Lender[2] at that time, as well as a deed of trust, which lists America's Wholesale Lender as the lender, and Mortgage Electronic Registration (MERS) as the beneficiary "acting solely as a nominee for Lender and Lender's successors and assigns." *Deed of Trust*, Dkt. 4-2, at 1; *see also Note*, Dkt. 22-1.

Washburn apparently stopped making payments on the loan in September 2008. *See Ex. A to Compl.*, Dkt. 1-2 (notice of default). Shortly thereafter, MERS appointed a successor trustee, defendant ReconTrust. *Ex. B to Compl.*, Dkt. 1-3. ReconTrust, in turn, filed a notice of default on the property with the Ada County Recorder. *Ex. A to Compl.*, Dkt. 1-2.

Washburn does not dispute receiving the $399,000 in loan proceeds, which allowed her to purchase the property. Nor does she dispute defaulting on the loan. Washburn does not allege that she has paid (or is willing to pay) the amounts still owing on the note. Instead, she seeks to quiet title based on various alleged irregularities in the

---

[2] Plaintiff alleges that Countrywide Home Loans, Inc. originated the loan, and that Countrywide later merged with defendant Bank of America. *See Compl.* ¶ 9. Plaintiff thus references Bank of America, or "Countrywide/BOFA," as the original lender, though she alleges that Bank of America sold the loan to defendant Fannie Mae. *See id.* ¶¶ 22-23. As for the original lender, plaintiff does not contest defendants' explanation that the lender identified in the note – America's Wholesale Lender – was a dba of Countrywide Home Loans, Inc., which is a subsidiary of Countrywide Financial Corporation. *Mot. Memo.*, Dkt. 4-1, at 2 n.1. Defendants further explained that, effective July 2008, Countrywide Financial Corporation merged with and into a Bank of America subsidiary (Red Oak Merger Corporation) and, afer the merger, Red Oak Merger Corporation changed its name to Countrywide Financial Corporation. *Id.*

**MEMORANDUM DECISION AND ORDER - 3**

loan and in the foreclosure-related documents. The contours of these alleged irregularities are not particularly well defined, but what ultimately emerges is this: Washburn contends that Bank of America is improperly foreclosing "in its own name," because it may have sold the loan to Fannie Mae before the foreclosure documents were recorded.

## ANALYSIS

The Court has reviewed the Report and Recommendation and finds the law has been properly applied to the facts of this case. Most fundamentally, the Court agrees that Washburn's quiet title action fails as a matter of law because she has not alleged that she tendered payment on the note. The Report correctly observes that "'[a] mortgagor cannot without paying his debt quiet title as against the mortgagee.'" *Report*, Dkt. 28, at 7 (quoting *Trusty v. Ray*, 249 P.2d 814, 817 (Idaho 1952)); *see also In re Mullen*, 402 B.R. 353, 358 (Bankr. D. Idaho 2008). This pleading failure dispenses with the quiet title action, yet Washburn does not squarely address this issue in objecting to the Report. Instead, she raises a litany of other objections.

Broadly speaking, Washburn's objections fall into two general categories. First, she contends she is entitled to know who currently owns the note and trust deed. *See Objection*, Dkt. 29, at 4 ("This quiet title action is brought to determine who has a valid, current ownership interest in the debt and its security."). Second, Washburn argues that defendants cannot properly foreclose the trust deed for a variety of reasons.

**MEMORANDUM DECISION AND ORDER - 4**

Turning to the first argument – that Washburn is entitled to a determination of who owns the note and deed – the Court is unpersuaded. In a different factual setting, a request for such a determination might make sense. But here, Washburn has failed to allege tender. That forecloses her quiet title action. The fact that the note may have been transferred does not somehow relieve her from making payments. As this Court recently observed, "Plaintiff cannot establish a cloud on the title to the property just because Plaintiff has not been provided proof of which entity holds the original promissory note." *Meyer v. Bank of Am.*, Case No. 1:10-cv-632-EJL-REB, 2011 WL 4584762, at *3 (D. Idaho Sept. 30, 2011). As in *Meyer*, the plaintiff here is the undisputed fee owner of the property. She does not contest the promissory note or trust deed obligations. Thus, absent a tender allegation, she cannot succeed on her quiet title action.

Moreover, the trust deed expressly states that the loan or a partial interest in the loan "can be sold one or more times without prior notice to Borrower," but "[i]f there is a change in Loan Servicer, Borrower will be given written notice of the change" as required by consumer protection laws. *Deed of Trust*, Dkt. 4-2 ¶ 20, at 9. By signing the trust deed, Washburn agreed that she might be in exactly the position she now complains of – unsure of who owns her loan, but with clear instructions as to where to send payments – to the Loan Servicer. As the Ninth Circuit Bankruptcy Appellate Panel recently observed, the borrower (the maker of the note) "should be indifferent as to who owns or has an interest in the note so long as it does not affect the maker's ability to make

**MEMORANDUM DECISION AND ORDER - 5**

payments on the note." *Veal v. Am. Home Mortgaging Serv., Inc. (In re Veal)*, 450 B.R. 897, 912 (9th Cir. BAP 2011). Under these circumstances, the Court rejects Washburn's quiet title action. *Cf. Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (rejecting plaintiffs' argument that defendants had defrauded them as to MERS' role in the loan, and that MERS was used to hide ownership of the loan).

Plaintiff's second category of objections essentially seeks to contest the validity of a foreclosure sale that has not occurred. For example, Washburn contends that defendants have violated her right to know, within the foreclosure, "exactly who is doing what." *Objection,* Dkt. 29, at 3. Washburn also contends that defendants cannot foreclose unless an assignment of the trust deed is recorded each time the note is sold – even if MERS remained as the beneficiary on the trust deed for successive note owners.[3] *Id.* at 5-7 (citing Idaho Code § 15-4505). Washburn further argues that MERS had no

---

[3] Idaho Code § 45-1505(1) provides that a trustee may foreclose a trust deed if, among other things, "any assignments of the trust deed" are recorded with the appropriate county recorder. Defendants argue that trust deed has not been assigned because MERS has remained the beneficiary on the trust deed at all times. Plaintiff – relying on the general principle that the security follows the note – counters that the trust deed was necessarily assigned if the note was transferred, thus triggering the recording requirement. Idaho appellate courts have not decided this issue. Otherwise, there is a developing split of authority. *Compare Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W. 2d 487, 489-90 (Minn. 2009) (construing statute substantially similar to Idaho Code § 45-1505; holding that when MERS serves as the nominee of record for a lender, transfers of the underlying indebtedness did not have to be recorded to foreclose a mortgage by advertisement) *with Hooker v. Nw. Trustee Servs.*, 2011 WL 2119103 (D. Or. May 25, 2011) (construing similar statute and rejecting defendants' argument that Oregon foreclosure statutes allowed them to track assignments of the trust deed within the MERS system, rather than in county land records; agreeing with dissent in *Jackson*, 770 N.W. 2d at 503-04).

authority to appoint defendant ReconTrust as the successor trustee.[4] *See Objection*, Dkt. 29, at 4-5.

The Court agrees with Judge Dale's conclusion that these arguments are properly raised in the context of a foreclosure – not within this quiet title action. *See Report*, Dkt. 28, at 18. The Court will therefore decline to rule on these arguments on the basis that they are premature and otherwise irrelevant to this action.

Significantly, none of these arguments can resurrect Washburn's moribund quiet title action. For example, even if the Court were to assume defendants sent improper foreclosure notices – as plaintiff alleges – that failure would not cause the note or deed of trust to evaporate, thus relieving plaintiff of her obligation to pay the note. *See Sec. Pac. Fin. Corp. v. Bishop*, 704 P.2d 357, 360 (Idaho Ct. App. 1985) (assuming that foreclosing party could re-initiate foreclosure proceedings by giving proper notice). That obligation remains in place. So once again, the analysis returns to tender. Plaintiff has not pled tender and there is no indication she would be able to do so in an amended complaint. The Court will dismiss this action with prejudice.

As for defendants' Motion for a Reverse Preliminary Injunction, the Court agrees with Judge Dale. The motion is premature and it will be denied on that basis.

---

[4] Issues related to MERS' authority are pending before the Idaho Supreme Court in *Trotter v. Bank of New York Mellon*, Case No. CV-10-95 (Idaho Dist. Ct. July 2, 2010), *appeal docketed*, No. 38022 (Idaho Sept. 28, 2011). In that case, Trotter asserts that MERS was never the true beneficiary of a deed of trust and therefore lacked authority to assign the deed to defendant Bank of New York. Trotter thus argues that Bank of New York's appointment of ReconTrust as a successor trustee was invalid and that neither Bank of New York or ReconTrust has standing to foreclose.

**MEMORANDUM DECISION AND ORDER - 7**

# ORDER

**THEREFORE, IT IS HEREBY ORDERED**:

1. The Report and Recommendation (Dkt. 28) shall be **INCORPORATED** by reference and **ADOPTED** herein, with the exception of Paragraph 6 of the Report. Paragraph 6 (pages 17 to 23) expresses opinions regarding plaintiff's various foreclosure-related arguments. The Court has determined that these arguments do not need to be addressed at this point because they are immaterial to the quiet title action and are otherwise premature.

2. Defendants' Motion to Dismiss (Dkt. 4) is **GRANTED** and the case is **DISMISSED ITS ENTIRETY.**

3. Defendants' Motion for a Reverse Preliminary Injunction (Dkt. 22) is **DENIED** on the grounds that is premature.

DATED: **January 17, 2012**

Honorable Edward J. Lodge
U. S. District Judge